UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ELAINE SCHERER, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | No. 4:14-CV-01484-AGF |
|  | ) |  |
| ELI LILLY AND COMPANY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiffs to voluntarily dismiss Defendant Eli Lilly and Company ("Eli Lilly") without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiffs wish to have this pharmaceutical liability action dismissed so that they may refile in Indiana along with other similar cases. For the reasons stated below, Plaintiffs' motion will be granted.

## BACKGROUND

Eli Lilly is a large pharmaceutical company which produces the drug Cymbalta, among others. Plaintiffs, husband and wife, filed this action on August 27, 2014, one of the first in a series of Cymbalta cases, alleging that Eli Lilly's promotional campaign deceived consumers by downplaying serious withdrawal-related side effects which often accompany discontinuation of the drug. Plaintiffs, Missouri citizens, allege that Plaintiff Elaine Scherer was prescribed Cymbalta for her depression, and after she stopped taking it she suffered severe physical and psychological symptoms. Plaintiffs state claims against Eli Lilly for negligence; strict products liability, for design defect and failure to warn;

misrepresentation; fraud; breach of implied warranty; and violations of Indiana and Missouri's deceptive consumer sales acts. Plaintiffs also repeat these allegations against 50 John Doe Defendants. Eli Lilly filed its answer to Plaintiffs' complaint on January 1, 2015.

Prior to Eli Lilly's answer, two law firms representing plaintiffs in various Cymbalta cases filed motions pursuant to 28 U.S.C. § 1407 to consolidate 25 actions, including this case, and establish a multidistrict litigation ("MDL") for pretrial purposes. On December 10, 2014, the Judicial Panel on Multidistrict Litigation denied the motions to establish an MDL, and instead suggested that plaintiffs' counsels confer and coordinate informally.

Plaintiffs in the instant case now move to voluntarily dismiss this case without prejudice, so that they may refile the case in the Southern District of Indiana, Eli Lilly's home state, along with other Cymbalta cases against Eli Lilly. Plaintiffs argue that facilitating an "informal MDL" by dismissing this case without prejudice would not prejudice Eli Lilly, and would promote efficiency, convenience, and reduce duplicative costs.

In response, Eli Lilly argues that Plaintiffs have not met their burden for showing that the dismissal would not prejudice it, and that, in fact, Eli Lilly would be prejudiced by the dismissal of this case and subsequent refiling in Indiana because this could restrict Eli Lilly's ability to subpoena the physicians who prescribed Cymbalta to Elaine Scherer. Eli Lilly contends that Plaintiffs' motion is an attempt to circumvent the normal process of transferring venue under 28 U.S.C. § 1404, and that they should either file a motion to transfer venue under that statute or be restricted to their first choice of forum.

Plaintiffs filed a reply which reiterates their cost and judicial economy arguments, as well as their contention that Eli Lilly will not be prejudiced by a dismissal. A Rule 16 scheduling conference for this case was set for February 26, 2015, but was cancelled on the joint motion of the parties, to be reset, if needed, pending the resolution of Plaintiffs' motion to dismiss.

## **DISCUSSION**

Rule 41(a)(2) states that once an answer has been filed "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[A] dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court." *Naunheim-Hipps v. Becton Dickinson & Co.*, No. 4:04CV1063 HEA, 2005 WL 1463487, at *1 (E.D. Mo. June 17, 2005) (citation omitted). The Eighth Circuit has explained that:

> In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (citation omitted).

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).

Here, the factors listed above weigh in favor of granting voluntary dismissal. Plaintiffs have adequately explained that they desire dismissal so that they may refile all of their Cymbalta cases in the Southern District of Indiana to better coordinate discovery, better manage protective and scheduling orders which may affect all of the Cymbalta cases, and more efficiently resolve each action. As Eli Lilly notes, Plaintiffs' counsel has moved to transfer at least ten other Cymbalta cases against Eli Lilly to the same court, demonstrating that Plaintiffs' purported reasons for desiring a voluntary dismissal are more than empty words. The Court notes that the Eighth Circuit has at times expressed its concern that "it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *See, e.g.*, *Thatcher*, 659 F.3d at 1214; *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005). However, this is not a case in which a defendant removed a case to federal court and plaintiffs are attempting to use voluntary dismissal to defeat federal jurisdiction. Rather, Plaintiffs originally filed their case in federal court and are seeking to refile in a different federal court to expedite litigation and proceed in a more consolidated manner.

Moreover, due to the early stage of this litigation, Eli Lilly will not be unduly prejudiced by this case being refiled in a different federal court. Indeed, the only prejudice Eli Lilly can identify is that it may be more difficult to subpoena the physicians who prescribed Cymbalta to Plaintiff Elaine Scherer, as their offices are in Missouri. However, Rule 45 gives federal courts the power to serve a subpoena "at any place within the United States." Fed. R. Civ. P. 45(b)(2). This Court declines to assume that the physicians will refuse to comply with a properly served subpoena, but even should they do so, the Indiana

court may still command them to attend a deposition within 100 miles of their residences or places of business. The federal rules of procedure and evidence likewise provide avenues to use such depositions at trial.

In sum, Eli Lilly has not articulated sufficient prejudice to defeat Plaintiffs' motion to dismiss. This case shall be dismissed without prejudice.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion (Doc. No. 16) for voluntary dismissal without prejudice under Rule 41(a)(2) is **GRANTED** and this case is **DISMISSED without prejudice**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2015.